UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wendkouni Wilfried Arnold Zongo,                    Civ. No. 21-1521 (NEB/BRT)

    Plaintiff,

v.                                                  **ORDER**

Carver County, James Olson, Jane Doe 1,
Unknown number of unknown named
correctional officers,

    Defendants.

---

    This matter is before the Court on the Wendkouni Wilfried Arnold Zongo's Motion to Amend, and his First Amended Complaint. (Doc. No. 22.)

    On November 2, 2021, the Defendants filed a Motion to Dismiss under Rule 12(b) (Doc. No. 14), seeking to dismiss Plaintiff's original Complaint, and on November 8, 2021, the Court received Plaintiff's Motion to Amend. (Doc. No. 22.) Plaintiff seeks to correct an error by substituting Defendant James Olson with Jason Kamerud. (Doc. No. 22 at 1.) He also seeks to allege an "additional common law unlawful enrichment claim" as well as two additional § 1983 claims for "detention in conditions tantamount to punishment and deliberate indifference to his safety in violation of the Fourteenth Amendment." (*Id.*)

    Defendants oppose Plaintiff's motion. (Doc. No. 23.) They argue that the Court should deny Plaintiff's request because his amendments would be futile as they would

not be able to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (*Id.* at 4 (citing *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)).)

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend a pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b). Though a court may properly deny leave to amend where amendment would be futile, "when the plaintiff has the right to file an amended complaint as a matter of course . . . the plain language of Rule 15(a) shows that the district court lacks the discretion to reject the amended complaint based on its alleged futility." *Hoke v. Lyle*, 716 F. App'x 930, 931 (11th Cir. 2018) (citations and alterations omitted); *see also Magee v. Trustees of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1063 (D. Minn. 2013) ("This motion was filed within twenty-one days of Defendants' motions to dismiss, indicating that [Plaintiff] may have been entitled to amendment *as of right*.") (emphasis added); *Smith v. Live Nation Ent. Inc.*, No. 4:20-CV-1396 RLW, 2021 WL 65444, at *2 (E.D. Mo. Jan. 7, 2021) ("Rule 15(a)(1) allows for amendment as a matter of right, and the Court has no discretion to deny a timely amendment.") (citing *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291–92 (11th Cir. 2007) (concluding the district court erred by failing to allow plaintiff to amend complaint as a matter of course)).

Here, Plaintiff brought a motion to amend his complaint six days after Defendants' motion to dismiss. This falls well within the twenty-one days set forth in Rule 15(a)(1)(B) that allows a party to amend "as a matter of course." As such, Plaintiff's amendment is timely and the Court lacks discretion to deny it. The Court accepts

Plaintiff's First Amended Complaint as the operative complaint, which supersedes and displaces his original Complaint. Because Defendants' motion to dismiss (Doc. No. 14) was directed at that original Complaint, it is now moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint."); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (holding that it would be error to address defendants' motions to dismiss after the original complaint had been amended and denying such motions as moot).

Therefore, based on files, records, and submissions herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 22) is **GRANTED**;

2. The Clerk of the Court is directed to docket the First Amended Complaint currently filed at Doc. No. 22-1 as a freestanding pleading in a new docket entry titled "First Amended Complaint," and the Clerk's Office shall add Defendant Jason Kamerud to the case caption pursuant to the First Amended Complaint;

3. The Clerk of the Court shall terminate Defendant James Olson as a named Defendant in this matter;

4. Defendants must file their Answer or otherwise respond to Plaintiff's First Amended Complaint within twenty-one days from the date of this Order;

5. Defendant's Motion to Dismiss (Doc. No. 14) is **DENIED** as moot; and

6. The Court's November 5, 2021 Order (Doc. No. 21), which set a briefing schedule relating to Defendant's Motion to Dismiss (Doc. No. 14) is **VACATED**.

Dated: November 23, 2021 　　　　　　　　*s/Becky R. Thorson*
　　　　　　　　　　　　　　　　　　　　Becky R. Thorson
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge